## No. XVI.

### L. W. TINNIN v. JAMES WEATHERFORD.

*Appeal from Lamar County.*

JONES (WILLIAM J.), JUSTICE.—This was a suit instituted in the District Court of Lamar County by the appellee against the appellant upon a promissory note payable to James Weatherford or order, one day after date, for the sum of $318. Said note was assigned by Weatherford to Wm. Lloyd and by him to Erwin Matthews.

The answer of the defendant alleges, "that the legal as well as equitable interest in said note is not and was not, at the time of the commencement of this suit, in the plaintiff, Weatherword; but it is in one of the indorsees thereof, or some person holding under them, or one of them;" and for further answer sets up "a total failure of consideration."

It appears from the statement of facts that the counsel of the plaintiff below in open court, before the trial of the cause, erased the indorsements on the back of the note sued upon, against the expressed protestation of the defendant's attorney; and that the court, notwithstanding the objection, permitted the erasure.

As this action was instituted since the introduction of the common law, and a part of the answer seeks to *abate* the action, we must be governed by the rules of pleading known to that system and the acts of Congress of force in this Republic. The court here deems it unnecessary to examine into any other cause of error assigned by the appellant than the right of the appellee to prosecute this suit in his own name and the issue made thereupon by the pleadings. The case is, per force, disposed of upon that single point, being the first presented for the consideration of this court.

The denial of the right of the plaintiff to sue in his own name should have been taken advantage of by plea in abatement, *supported by oath or affirmation;* for the reason that this plea does not put in issue the merits of the cause, but tends only to produce delay.

son v. Paul, 16 T., 472, 475; Cunningham v. Taylor, 20 T., 126; Converse v. Sorley, 39 T., 515; Buchanan v. Wagnon, 62 T., 375; Wilson v. Harris, 91 T., 427. It is not necessary to verify and present claim to independent executor before bringing suit. Pleasants v. Davidson, 34 T., 459; Black v. Rockmore, 50 T., 88, 99; Smyth v. Caswell, 65 T., 379; Ellis v. Mabry, 25 T. C. A., 164.

The doctrine is clearly established in 1 Chitty, 481: "Whenever the subject matter of the plea or defense is that the plaintiff can not maintain *any* suit, *at any time,* in respect of the supposed cause of action, such matter must be pleaded in bar; but that which merely defeats the present proceeding, and does not show that the plaintiff is *forever* concluded, should be pleaded in abatement." "A leading distinction between a plea in *abatement* and a plea in *bar* is, that the former must not only point out the plaintiff's error, but must show him how it may be corrected, so as to avoid the same mistake in another suit for the same cause of action." 1 Chitty, 481. "A plea in bar, unlike a plea in abatement, offers matter which is a conclusive answer, or defense to the action upon the merits." 1 Chitty, 556.

The distinctions between pleas in abatement and those in bar are somewhat subtle and refined in their practical application, though in the case before us the distinction seems to be clear enough to have enabled the defendant to file the proper plea, which would put in issue the disability of the plaintiff to sue. That may be done by plea in abatement, under oath or affirmation, as we have before mentioned. How does the case at bar agree with the principle here defined? Was the plea of the defendant merely intended to delay the plaintiff; or would the appellee here be *forever precluded* (as in pleas of bar) by the decision of the court below that he had no right to maintain his present action? Clearly not. Without undertaking to determine whether it was lawful in the plaintiff or his attorney to erase the indorsements in order to maintain the present action in his own name (which is beside the question now under consideration), it may readily be perceived that, had the defendant's plea in abatement been duly supported by oath or affirmation and judgment rendered for him by the court, the plaintiff could have procured a reassignment of the note to him, and have renewed the suit in his own name. Not so if the plea was one in bar.

It may be proper to examine how far the pleadings before us furnish intrinsic evidence that the plea to the disability of the plaintiff here set up was intended to produce delay, and thus to bring it within the definition of a plea in abatement, as laid down by the authorities.

The answer to the merits sets forth a failure of consideration of the note upon which suit is instituted. The original obligee of the note is the plaintiff in the present action, and the most proper person against whom to have established such a defense, it at all meritorious. The door was thus thrown open for the full investigation of the case, and we must infer that the defendant failed to establish his defense upon

If executor allows claim and rejects lien, suit can not be maintained to foreclose lien. Mortgage Co. v. Jackman, 77 T., 622; George v. Ryon, 94 T., 317; Moore v. Glass, 6 T. C. A., 368. In such cases the lien must be enforced through probate court and not by an independent action in another court, except where claimant has some legal or equitable right connected with claim, which can not be adjudicated in probate court. Cunningham v. Taylor, 20 T., 126; Cannon v. McDaniel, 46 T., 303; George v. Ryon, 94 T., 317; Moore v. Glass, 6 T. C. A., 368; Perkins v. Traynham, 3 App. C., sec. 78. When both claim and lien on land are rejected, only remedy is in district court. Leslie v. Elliott, 26 T. C. A., 578. Presentation to and rejection by

the merits, as the jury found for the plaintiff. How, then, is the defendant to be benefited by showing that the legal or equitable interest is in a third party?

Upon the answer to the plaintiff's petition by the defendant, that the consideration of the note had failed, the plaintiff would not be permitted to rejoin that the real interest was in another, and that he was merely the nominal plaintiff. The defense of the defendant, if just, could avail against the present plaintiff, as well as against the last indorsee.

As we have settled that so much of the answer as relates to the disability of the plaintiff to sue in his own name is a plea in abatement, this case is disposed of by the ninth section of the "act to regulate the proceedings in civil suits," approved February 5, 1840, which enacts, that "no plea in abatement shall be admitted, or received, unless the party offering the same shall prove the truth thereof by oath or affirmation, as the case may be." The plea offered by the defendant was neither sworn to nor affirmed, as the statute requires. It is therefore considered that the judgment of the court below be in all things affirmed.

*Affirmed.*

Judges Morris and Ochiltree say: "We concur in the result of this opinion."