## ZARSKY v. MOSS et al.

### No. 11590.

### Court of Civil Appeals of Texas. San Antonio.

### Feb. 20, 1946.

John A. Pope, Jr., of Rio Grande City, for appellant.

Strickland, Ewers & Wilkins, of Mission, H. P. Guerra, Jr., of Rio Grande City, and Pat J. Howe, of Mission, for appellees.

NORVELL, Justice.

This is an appeal from an order of dismissal entered after the sustaining of a plea in abatement.

The basis of the plea was that there were two other suits pending which involved the same claim. The plea showed upon its face that one of these suits had been determined by a final judgment prior to the time of the filing of the plea. Upon the hearing it was agreed that the second suit had likewise resulted in a final judgment.

An action which has been prosecuted to final judgment is no longer "pending" within the meaning attributed to that term as used in the rule relating to an abatement of suits by reason of another action pending. Tinnin v. Weatherford, Dallam 590; Pucek v. Koppa, Tex.Civ.App., 32 S.W.2d 248; Peurifoy v. Davis, Tex.Civ. App., 101 S.W.2d 625; 1 Tex.Jur. 23, § 5; 1 Tex.Jur. 120, § 87.

Appellees, in their brief, seemingly recognize this situation and argue that "it matters little or nothing at all, that the order accomplishing the dismissal is labeled one sustaining a plea in abatement. The judgment being a correct one, it should not be disturbed regardless of the label of the final order."

We are unable to agree with appellees upon this proposition. The difference between a plea in abatement and a plea of res judicata is not merely formal,

it is essentially one of substance. When a plea of abatement is sustained to a plaintiff's action, the general order is one dismissing the cause, as was done in this case. Generally, the dismissal order is effective only so long as the cause of abatement continues to exist. "To say that a suit is ended (by dismissal following the sustaining of a plea in abatement) does not necessarily mean, however, that a new suit may not be brought upon the same state of facts, provided the cause of action still exists." 1 Tex.Jur. 22, § 4. On the other hand, the proper judgment to be rendered upon the sustaining of a plea of res judicata to plaintiff's petition is one that plaintiff take nothing, and constitutes a full and complete adjudication of the suit upon the merits.

As we understand the record, the question involved was treated in the trial court as one involving a plea in abatement. The pleadings so indicate and the trial court's judgment is consistent with this view. In the absence of something definite in the record made in the trial court, which indicates that the parties by agreement or acquiescence tried some issue not presented by the pleadings, this Court can not assume that they did so. It is our duty to determine whether or not the trial court committed error in the case which was actually tried below. Because the issue actually presented is in certain aspects similar to one which could have been urged or may hereafter be urged is no justification for our assuming that such issue has in fact been raised and basing our judgment upon such assumption.

There is this further defect in appellees' position. Appellant's petition is in trespass to try title. It is also asserted that defendants are claiming the land involved under and by virtue of an execution issued out of Cause No. 2082 in the District Court of Starr County. Appellant asserted that this claim by appellees was invalid.

■ The causes upon which appellees rely are said Cause No. 2082 and Cause No. 2226 in the District Court of Starr County. This latter suit was one apparently brought by appellant against the District Clerk of Starr County, seeking an injunction against the issuance of a writ of execution. Although it was agreed that a final judgment was rendered in Cause No. 2226, this judgment is not in the record and consequently, we are unable to determine just what effect this judgment would have under the rules applicable under the doctrine of res judicata. It seems that the injunction prayed for was refused, but, of course, it does not necessarily follow that one who fails in an attempt to enjoin the issuance of an order of sale is barred from asserting the invalidity of a sale held after the injunction was refused. Cook v. Smith, Tex.Civ.App., 96 S.W.2d 318.

■ As to the judgment rendered in Cause No. 2082, if we give the full effect to this judgment, in accordance with appellees' contention, i. e., that at the date of the rendition of said judgment in April of 1944, appellant had no interest in the property involved in this suit as against the parties in said Cause No. 2082, it does not necessarily follow that appellant had no interest in or title to said land when he filed his present suit in August of 1944, asserting title by means of a statutory trespass to try title action. 26 Tex.Jur. 60, § 376. This issue can only be determined when appellant is called upon to establish his title by a trial of the merits, and this case has not yet reached that stage.

■ Appellees also present the contention that in all events the judgment should not be disturbed for the reason that the statement of facts discloses a deed from appellee J. O. Moss to Panal Oil Company, purporting to convey the property here involved. This deed is dated September 11, 1944, which is after the date of the filing of appellant's petition. No question of a defect of parties was raised in the lower court. The following authorities answer appellees' contention: Tevis' Heirs v. Armstrong, 71 Tex. 59, 9 S.W. 134; Wood v. Gulf Production Co., Tex.Civ.App., 100 S.W.2d 412; Hetherington v. Texas Trunk R. Co., Tex.Civ.App., 34 S.W. 995; 41 Tex. Jur. 611, § 122; Alford v. Cole, Tex.Civ. App., 65 S.W.2d 813; 41 Tex.Jur. 607, § 120.

The order appealed from is reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.