**James E. MURRAY, et al., Appellants,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.**

**No. 17510.**

Court of Civil Appeals of Texas, Dallas.

Nov. 13, 1970.

Rehearing Denied Dec. 4, 1970.

Bob Shoemaker, McKool, McKool, Jones & Shoemaker, Dallas, for appellants.

James A. Williams, Bailey, Williams, Weber & Allums, Dallas, for appellee.

DIXON, Chief Justice.

Appellants James E. Murray and Thomas C. Murray, father and son, filed suit against United States Fidelity and Guaranty Company, hereinafter called Insurance Company, seeking to enforce an arbitration award.

Both sides filed motions for summary judgment. The motion of appellee was sustained. Accordingly judgment was rendered that appellants take nothing. ·

## FACTS

The material facts are undisputed. Appellee Insurance Company issued to appellant James E. Murray, the father, a family automobile policy. Under "Part IV—Family Protection Coverage" there is a provision that Insurance Company agrees to pay "insured" (which term is alleged to include Thomas C. Murray, the son), damages for injuries caused by the owner or operator of an uninsured automobile.

Another paragraph of the policy expressly provides that if any claimant and Insurance Company do not agree as to liability or amount of a claim, either party upon written demand, may cause the controversy to be submitted to arbitration under the rules of the American Arbitration Association; and that judgment on the award may be entered by any court having jurisdiction thereof.

On May 18, 1968, while said policy was in effect, the son, Thomas C. Murray, was injured while riding in an automobile being driven by Thomas Eugene Loris. At the time Loris did not carry any form of automobile or liability insurance. Appellants allege that the automobile driven by Loris comes within the terms of an "uninsured automobile" as that term is defined in the policy, and they seek recovery of damages from Insurance Company under the terms of the policy.

On August 15, 1968 appellants made written demand for submission of their claim to arbitration.

Thereafter Insurance Company refused to participate in the arbitration and instituted suit in a district court for an injunction restraining appellants and the arbitrator from proceeding with the arbitration hearing. A preliminary restraining order was granted, but after a hearing that order was dissolved and a judgment rendered denying Insurance Company a permanent injunction.

Following the rendition of the judgment denying the injunction, Insurance Company on April 22, 1969 addressed a letter to appellants and the arbitrator withdrawing and "unequivocally" revoking any agreement to arbitrate.

Nevertheless on May 12, 1969 the arbitration hearing, following one postponement, was set for May 27, 1969. On May 16, 1969 Insurance Company wrote to appellants and the American Arbitration Association withdrawing its agreement to arbitrate.

On May 27, 1969 the arbitration hearing was held notwithstanding Insurance Com-

pany's written notification of withdrawal. Insurance Company was not present and did not in any way participate in the hearing.

On June 4, 1969 the arbitrator made an award to James E. Murray of $3,397.94 and to Thomas C. Murray of $5,500.

On June 11, 1969 Insurance Company notified appellants' attorneys that it had no intention of abiding by the arbitration award.

Appellants filed this suit June 26, 1969 asking judgment based on the award.

The summary judgment providing that appellants take nothing by their suit was signed by the trial court on January 9, 1970.

## OPINION

In two points of error appellants assert that the court erred in overruling their motion for summary judgment and in granting appellee's motion since the issue as to whether the dispute between the parties was subject to arbitration was decided by judgment dated November 19, 1968 in appellants' favor in the injunction suit filed by appellee Insurance Company in which suit appellee was denied an injunction; therefore according to appellants Insurance Company is barred by the doctrine of *res judicata,* or estoppel by judgment from litigating the issue again.

We have carefully considered appellants' two points of error and have concluded that they should be overruled.

Art. 224, Vernon's Ann.Civ.St., provides that agreements to arbitrate controversies shall be valid and enforceable. But the statute as amended in 1966 specifically recites "that none of the provisions of this Act shall apply to * * * any contract of insurance or any controversy thereunder * * *." Consequently the policy provision agreeing to arbitrate cannot be enforced by

virtue of the statute. Carpenter v. North River Ins. Co., 436 S.W.2d 549, 552 (Tex. Civ.App., Houston 14th District 1969, writ ref'd n. r. e.).

■ Whatever rights the parties have as a result of their agreement to arbitrate must rest on the common law rules relating to arbitration. And it has long been the law in this and other jurisdictions that a party to a common law agreement to arbitrate may withdraw his agreement at any time before the arbitration award is made. Carpenter v. North River Ins. Co., 436 S. W.2d 549, 551, 552 (Tex.Civ.App., Houston 14th District 1969, writ ref'd n. r. e.); Huntington Corp. v. Inwood Construction Co., 348 S.W.2d 442 (Tex.Civ.App., Dallas 1961, writ ref'd n. r. e.); Texas Development Co. v. McGough Bros., 165 F.2d 276 (5th Cir. 1948); 6 Tex.Jur.2d 58; 5 Am. Jur.2d 547; 6 C.J.S. Arbitration and Award § 33, p. 173. It is undisputed that in this case appellee Insurance Company withdrew its agreement before the arbitration award was made and even before the hearing was held.

■ We do not agree with appellants that the judgment of November 19, 1968 in the injunction suit was *res judicata* of appellee's right to withdraw from the agreement or that appellee was thereby estopped to assert its right to withdraw. The record does not disclose the issues that were pled or proved in the injunction suit. There had been a material change in the factual situation existing at the time the injunction judgment was rendered. We are convinced that the right of appellee to withdraw was not and could not have been adjudicated in the injunction suit because under the record before us appellee neither withdrew from the arbitration agreement nor expressed any intention to do so until long after the rendition of the judgment in the injunction suit. Galveston Chamber of Commerce v. Railroad Commission of Texas, 137 S.W. 737, 746 (Tex.Civ.App., Austin 1911, reversed on other grounds 105 Tex. 101, 145

S.W. 573) ; Lambrecht v. Lewis et al., 240 S.W. 988 (Tex.Civ.App., Beaumont 1922, writ dism'd) ; G. & H. Motor Freight Lines, Inc. et al. v. Railroad Commission et al., 140 S.W.2d 946, 949 (Tex.Civ.App., Austin 1940, dism'd jdgmt. cor.) ; White v. White, 176 S.W.2d 987 (Tex.Civ.App., Waco 1944, reversed on other grounds 142 Tex. 499, 179 S.W.2d 503) ; Zarsky v. Moss, 193 S.W. 2d 245 (Tex.Civ.App., San Antonio 1946, no writ) ; State et al. v. Standard et al., 414 S.W.2d 148 (Tex.Sup.1967) ; 34 Tex.Jur.2d 506.

Appellants' two points of error are overruled.

The judgment of the trial court is affirmed.