**L. H. LACY COMPANY, Appellant,**

v.

**The CITY OF LUBBOCK, Texas, Appellee.**

**No. 8684.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 31, 1976.

Rehearing Denied Jan. 24, 1977.

Bailey, Williams, Westfall, Lee & Fowler, James A. Williams, Dallas, for appellant.

Fred O. Senter, Jr., City Atty., James P. Brewster, Lubbock, for appellee.

ELLIS, Chief Justice.

L. H. Lacy Company instituted suit against the City of Lubbock, Texas to enforce an award made by a panel of arbiters. The award was favorable to the plaintiff, hereinafter designated as "Lacy," and the judgment of the trial court affirmed such award except as to certain limited interest awards in favor of Lacy which were eliminated. Each of the respective parties, the City of Lubbock, hereinafter designated as "the City" and Lacy has perfected an appeal from that portion of the trial court's judgment which was adverse to it. The appellate decision is grounded upon our determination that the arbitration award, which, for the most part, was the basis of the judgment, is invalid because it cannot be sustained either as an effective statutory or common law arbitration award. Reversed and rendered.

The trial court found that the parties executed a contract wherein Lacy agreed to construct certain runway and taxiway improvements for the Lubbock Regional Airport. The written agreement contained the following arbitration clause:

GC–54 ARBITRATION

All questions of dispute under this Agreement shall be submitted to arbitration at the request of either party to the dispute. The parties may agree upon one arbiter, otherwise, there shall be three,

one named in writing by each party, and the third chosen by the two arbiters so selected; or if the arbiters fail to select a third within ten (10) days, he shall be chosen by a District Judge serving the County in which the major portion of the project is located, unless otherwise specified. Should the party demanding arbitration fail to name an arbiter within ten (10) days of the demand, his right to arbitrate shall lapse, and the decision of the Engineer shall be final and binding on him. Should the other party fail to choose an arbiter within ten (10) days, the Engineer shall appoint such arbiter. Should either party refuse or neglect to supply the arbiters with any papers or information demanded in writing, the arbiters are empowered by both parties to take ex parte proceedings.

The arbiters shall act with promptness. The decision of any two shall be binding on both parties to the contract, unless either or both parties shall appeal within ten (10) days from the date of the award by the arbiters, and it is hereby agreed that each party shall have the right of appeal and all proceedings shall be according to and governed by arbitration statutes of Texas. The decision of the arbiters upon any question submitted to arbitration under this contract shall be a condition precedent to any right of legal action. The decision of the arbiter or arbiters may be filed in court to carry it into effect.

The arbiters, if they deem the case demands it, are authorized to award the party whose contention is sustained, such sums as they deem proper for the time, expense and trouble incident to the Appeal, and if the Appeal was taken without reasonable cause, they may award damages for any delay occasioned thereby. The arbiters shall fix their own compensation, unless otherwise provided by agreement, and shall assess the cost and charges of the arbitration upon either or both parties. The award of the arbiters must be made in writing, and shall not be open to objection on account of the form of proceedings or award.

While the runway and taxiway improvements were being constructed disputes arose between Lacy and the City. Lacy completed the project, and, on July 16, 1974, demanded arbitration pursuant to the above quoted clause GC–54. The City responded with a letter indicating that it did not consider the disputes to be arbitrable. Nevertheless, three arbiters were chosen and a hearing was conducted in accordance with clause GC–54. Both parties submitted position papers to the arbiters. In its position paper, the City detailed its reasons why "arbitration [was] not applicable in this matter" and contended that the arbiters had no jurisdiction over the dispute. At the hearing and in papers later submitted to the arbiters, the City renewed its "pleas to the jurisdiction," and conditioned its participation in the proceeding upon this plea. Although the arbiters overruled the City's contentions, the award recited that the City's participation in the proceedings was "subject to" the jurisdictional pleas and exceptions reserved by the City. The arbiters determined that they had jurisdiction and made an award favorable to Lacy; the City declined to honor it and this suit was filed. The cause was tried to the court without a jury upon extensive written stipulations. Although the City never abandoned its jurisdictional claims, the trial court found that "[a]ll parties consented to arbitration of disputes in this cause in accordance with the provisions of the contract and specifications between them." Enforcement of the award was ordered with the exception of the trial court's elimination of a portion of the interest awarded to Lacy. A basic contention urged by the City from the time of Lacy's first demand for arbitration, throughout all of the proceedings and continuing through its appellate brief is that the arbiters never acquired jurisdiction to decide the dispute or make an award.

In seven points of error the City has asserted: that the arbitration clause was unenforceable under the Texas General Arbitration Act (1966) and the proceedings had do not qualify as a valid common law arbitration; that even if the arbitration

agreement were valid, there was a lack of compliance with the requirements of the contract as to the approval and signature of the attorneys for the parties and that the required claims, demands and notices prerequisite to invoking authority for arbitration were not given; that the partial interest on claims was erroneously allowed under the award; that the court erred in holding that the City consented to or waived its objections and exceptions to the arbitration by its participation in the proceedings; and that the court erred in refusing certain findings of fact and conclusions of law requested by the City. Lacy's appeal has asserted points of error relating to the trial court's action in eliminating interest on certain claims allowed by the arbiters in the award.

 Under Texas law there are two bases for valid arbitration proceedings. To encourage and facilitate arbitration, the legislature has enacted the Texas General Arbitration Act (1966). Tex.Rev.Civ.Stat. Ann. art. 224–238–6. Also, common law arbitration agreements are still available as a substitute for or an alternative to the agreements contemplated by the statutes. *Carpenter v. North River Insurance Company,* 436 S.W.2d 549 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). If an arbitration agreement is valid under either the statute or the common law, the resulting award will be enforced. *Forshey v. Railroad Company,* 16 Tex. 516 (1856); *Ferguson v. Ferguson,* 93 S.W.2d 513 (Tex.Civ. App.—Eastland 1936, writ dism'd). If the arbitration agreement does not comply with either the statutory requirements or the common law requirements, the agreement is void. *Scottish Union & Nat. Ins. Co. v. Clancy,* 71 Tex. 5, 8 S.W. 630 (1888); *Huntington Corp. v. Inwood Construction Co.,* 348 S.W.2d 442 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.). Accordingly, we must test the arbitration agreement in this case

by both the requirements set forth in the Texas General Arbitration Act and the common law rules applicable to arbitration agreements.

 Construction contracts are expressly excluded from the operation of the Texas General Arbitration Act. Tex.Rev.Civ.Stat. Ann. art. 224. It is undisputed and the court in effect found that this was a construction contract. Furthermore, the agreement was not signed by the parties' attorneys as required under the Act. Tex. Rev.Civ.Stat.Ann. art. 224; *Mamlin v. Susan Thomas, Incorporated,* 490 S.W.2d 634 (Tex.Civ.App.—Dallas 1973, no writ). *See also,* Coulson, *Texas Arbitration—Modern Machinery Standing Idle,* 25 Sw.L.J. 290 (1971); Carrington, *The 1965 General Arbitration Statute of Texas,* 20 Sw.L.J. 21, 32–39 (1966).[1] For these reasons, the Texas General Arbitration Act is inapplicable and the agreement to arbitrate under it is unenforceable in this case.[2] We have also concluded that the above-quoted clause fails as a common law arbitration agreement.

 Under Texas common law an agreement to arbitrate future disputes is against public policy in that it seeks to oust the courts of their jurisdiction and is therefore void and unenforceable. *Scottish Union & Nat. Ins. Co., supra; Huntington Corp. v. Inwood Construction Co., supra.* Because the contract containing the arbitration clause in question was executed prior to the time any dispute arose between the parties, the clause was not binding upon the City. Lacy has pointed to no specific time "after the dispute arose" at which the City of Lubbock consented to arbitrate. Lacy has argued, however, that the City implicitly ratified the arbitration agreement by participating in the arbitration proceedings. We do not agree.

 Admittedly, the City participated in the arbitration proceedings; however, the

---

1. The attorney for the plaintiff did not sign the agreement, while the defense attorney signed as indicating approval as to form only.

2. Lacy admits as much by this statement in its brief: "The fact is what is before the Court here is a common law agreement to arbitrate disputes."

City's participation was predicated and conditional upon its timely objections to the jurisdiction of the arbiters and denial of the propriety of the arbitration proceedings. See *Florida Athletic Club v. Hope Lumber Co.,* 18 Tex.Civ.App. 161, 44 S.W. 10 (1898, no writ); *Carpenter v. North River Insurance Company, supra.* It is contended, however, that an agreement to arbitrate may be inferred from the parties' conduct in proceeding with the arbitration.

The City, however, raised, renewed and insisted upon its "pleas to the jurisdiction" in the arbitration proceedings at every possible opportunity. The City of Lubbock's jurisdictional pleas and exceptions were raised and preserved as early as its letter designating an arbiter. Also, these matters were raised in its summary of contentions constituting a part of the Stipulations. Upon the original convening of the arbitration hearing and prior to the submission of any evidence, the City again urged all its pleas. All of these jurisdictional pleas and exceptions were overruled and denied by the arbiters over the exception of the City before the parties proceeded to hearing as reflected in the award.

We find no procedure under decisional or statutory law applicable to a construction contract in Texas which requires a party to do more than raise and insist upon its objections at all reasonable opportunities to the arbitrability to the arbitrators (without any subsequent clear indication of willingness to forego judicial review), in order to preserve and prevent a forfeit of its right to judicial review of the jurisdictional question. See Annot. 33 A.L.R.3d 1251 (1970). We do not believe that participation in arbitration under the circumstances of this case can be equated with agreement after the dispute arose. It is our opinion that it has not been shown that, at any time after the disputes arose, the City consented or waived its rights to judicial review.

In support of its position Lacy relies heavily upon the holdings in the cases of *Carpenter v. North River Insurance Company, supra,* and *Murray v. United States Fidelity and Guaranty Co.,* 460 S.W.2d 212

(Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.). Neither of those cases is controlling. Each of the cases involved an insurance policy provision for arbitration under certain circumstances which, like construction contracts, were not enforceable by virtue of the Texas General Arbitration Act. Basically, *Carpenter* and *Murray* turned on the question of whether under common law the insurance company had unequivocally revoked an agreement to arbitrate the dispute at a time *prior* to the award of the arbiters.

In the instant case, however, the question is whether the City, not being bound by the original agreement to arbitrate future disputes, ever agreed to arbitrate after the dispute arose. We hold, for the reasons heretofore given, that it did not. Thus, the arbiters' award was void and not enforceable. *Fortune v. Killebrew,* 86 Tex. 172, 23 S.W. 976 (1893). This holding disposes of the trial court's finding that the City "consented" to arbitrate the dispute.

Because the award of the arbiters is void, the judgment of the trial court for enforcement or in anywise based upon the award is held for naught, and the City's contentions in support of its first point to the effect that no valid statutory or common law arbitration was effected are sustained. In view of this holding we do not specifically further discuss the City's remaining points. Also, by reason of this holding that the award is void, Lacy's points of error complaining of the trial court's failure to enforce the entire award are overruled.

Accordingly, the judgment of the trial court is reversed and judgment rendered that the arbiters' award be set aside and vacated without prejudice to Lacy's rights to seek such other legal and equitable remedies with regard to its claims to which it may show itself entitled.