**MUNSON, MUNSON & PORTER, P. C., Appellant,**

v.

**Georgia Evelyn ROBINSON, Appellee.**

**No. 1511.**

Court of Appeals of Texas, Tyler.

April 22, 1982.

J. Don Gordon, Munson, Munson, Hynds, Watkins, Gordon & Wilkes, Sherman, for appellant.

Richard B. Pennell, Sherman, for appellee.

SUMMERS, Chief Justice.

This is a suit for attorney's fees based on a sworn account. The appeal is from an order of dismissal in which the trial court sustained appellee's plea of pendency of another suit.

Appellee Georgia Evelyn Robinson (Mrs. Robinson) hired two attorneys from the law firm of Munson, Munson & Porter, P. C. (Munson) to represent her in a divorce action filed by her husband in the 59th District Court of Grayson County, Texas, under Cause No. 88779, styled In the Matter of the Marriage of Dean Gardner Robinson and Georgia Evelyn Robinson and in the Interest of Martha Ray Robinson, a child.

When differences arose between Mrs. Robinson and her two attorneys of the Munson firm over their handling of the divorce case, the Munson firm withdrew as counsel for Mrs. Robinson and thereafter intervened in the same suit (Cause No. 88779) seeking reasonable attorney's fees for services theretofore performed for Mrs. Robinson. Munson asserts that their claim for attorney's fees was severed from the divorce case by the district court's order signed on December 6, 1978; that such claim was then docketed in said court as Cause No. 90163, styled Munson, Munson & Porter vs. Dean and Georgia Robinson; and that the severed cause of action (No. 90163) was dismissed by an order of the district judge signed on May 31, 1979.

On March 27, 1979, Munson filed the instant action based on a sworn account in County Court at Law No. Two of Grayson County, seeking attorney's fees for services previously rendered to Mrs. Robinson in the divorce suit. Mrs. Robinson answered by general denial, whereupon Munson filed a motion for summary judgment. Mrs. Robinson then filed her first amended answer. On January 10, 1980, Munson's motion for summary judgment was heard, and at the conclusion of that hearing, the trial court took appellant's motion for summary judgment under advisement and gave each side ten days for the submission of briefs. On January 25, 1980, Mrs. Robinson filed in the county court at law a plea of pendency of another suit, seeking a dismissal of the instant action because of the alleged pendency of Munson's claim for attorney's fees, originally filed as an intervention claim in Cause No. 88779 in the 59th District Court of Grayson County and then severed and docketed as a separate cause in that court. On February 4, 1980, the county court at law held a hearing on appellee's plea of pendency and on June 6, 1980, said court rendered judgment sustaining appellee's plea of pendency of another suit and dismissed this cause without prejudice. From this order of dismissal, appellant Munson has prosecuted this appeal.

We reverse and remand.

Munson's appeal is predicated upon five points of error. Points one, two and three complain that the trial court erred in considering as evidence an exhibit not received into evidence, the pleadings in the cause and unsworn statements of counsel. Point four complains that the trial court erred in sustaining Robinson's plea of pendency of another case. Point five complains that the trial court erred in failing to grant Munson's motion for summary judgment.

We shall first address appellant's fourth point as we believe it to be dispositive of this appeal. Munson contends that the county court at law erred in finding that Munson's action for attorney's fees was pending in the 59th District Court of Grayson County under Cause Nos. 88779 and 90163 at the time of the hearing on appellee's plea of pendency. We agree with appellant that the trial court erred in this finding.

**34**

The docket sheets in both of said district court causes were admitted into evidence. Entries by the judge in Cause No. 88779 reflect that on November 6, 1978, the court granted Munson leave to withdraw as Mrs. Robinson's counsel, granted the Robinsons a divorce, and ordered Munson's intervention claim for attorney's fees severed and docketed as a separate cause. A follow-up docket entry by the judge, dated December 6, 1978, stated "Order of severance signed." This docket sheet also bore a notation indicating a recording of the severance order in Volume 21 at page 275 of the court's minute book. The original severance order signed by the district judge on December 6, 1978, was also admitted into evidence at the plea of pendency hearing. This order had a similar notation reflecting a recording in Volume 21 at page 275 of the minute book.

The docket sheet in Cause No. 90163 stated the style of that cause as Munson, Munson & Porter vs. Dean & Georgia Robinson, and the kind of action as "Order of Severance." An entry by the judge read: "5–31–79. Judgment signed dismissing said cause." The dismissal of this cause was further established by the admission into evidence of the original order of dismissal signed by the district judge on May 31, 1979.

 It was appellee's burden to establish that the prior action in the district court was pending at the time the county court at law heard her plea of pendency. If the former action in the district court was no longer pending, the plea of pendency fails and must be overruled. *Traweek v. Martin Brown Co.*, 74 Tex. 522, 12 S.W. 216, 217 (1889); *Starr County v. Guerra*, 282 S.W.2d 304, 305 (Tex.Civ.App.—San Antonio 1955, no writ); *Geyer v. Jones*, 93 S.W.2d 1192, 1193–94 (Tex.Civ.App.—San Antonio 1936, writ dism'd); 1 Tex.Jur.3rd Actions § 130 (1979); 2 McDonald, Texas Civil Practice, § 7.10, pages 190–91 (rev. 1970).

In the instant case, we hold that at the time of the plea of pendency hearing on February 4, 1980, Munson's action for attorney's fees was no longer pending in the 59th District Court of Grayson County under either Cause No. 88779 or 90163. Such action ended in Cause No. 88779 with the severance order rendered by court on December 6, 1978, and in Cause No. 90163 when the order of dismissal rendered on May 31, 1979, became final thirty days after its rendition. Tex.R.Civ.P. 329b.

We have concluded that there is no basis in the record for the trial court's order sustaining appellee's plea of pendency and dismissing this cause, nor for the findings recited in said order purporting to substantiate such action.

The judgment is reversed and remanded with instruction for the trial court to rule upon Munson's motion for summary judgment which was heard and taken under advisement.

MOORE, J., not sitting.