

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00042-CV
_____

A.H. FARMS, LLC, A TEXAS LIMITED LIABILITY CORPORATION, Appellant

V.

STAR CREEK CO., A CALIFORNIA CORPORATION, ERIC H. FARLEY, INDIVIDUALLY
AND AS THE SUCCESSOR INDEPENDENT EXECUTOR OF THE ESTATE OF PATRICIA
FARLEY HERNANDEZ, DECEASED, GARY D. CORLEY, JOHN HENRY SKOTNIK,
SUCCESSOR INDEPENDENT EXECUTOR OF THE ESTATE OF EFRIN ARTURO
HERNANDEZ, DECEASED, AND W.M. DAVIS AND MARY H. DAVIS, Appellees

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-20-44563

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

A.H. Farms, LLC (Farms), filed a trespass-to-try-title action in the 336th Judicial District Court in Fannin County over its right to title in and possession of a 100-acre tract in Fannin County; defendants Eric H. Farley and John Henry Skotnik filed a plea in abatement and alleged that the County Court at Law of Fannin County had prior, dominant jurisdiction. After a hearing, the trial court granted the plea in abatement and dismissed Farms's claims against all defendants. Because Farley and Skotnik did not establish that there was a prior action that was pending when the trial court granted the plea in abatement, we reverse the trial court's judgment and remand this case to the trial court.

## I.       Background

Farms's live petition alleged that it was the owner of a 100-acre tract of land situated in the Joseph Mather Survey, abastract. No. 738, Fannin County, Texas, (the Property) described in a general warranty deed from Efrin Arturo Hernandez (Arturo), a widower and the grantor, to Farms, grantee, dated June 18, 2009.[1] Arturo had inherited the Property from his wife, Patricia.[2] In 2002, Arturo, as independent executor of Patricia's estate, conveyed the Property to himself, individually, by a general warranty deed. In 2009, Arturo conveyed the property to Farms by general warranty deed. Arturo died in 2013, and David Pena was appointed the independent

---

[1]Although the parties and different courts described the Property using differing descriptions, there is no dispute that the varying descriptions describe the Property.

[2]After entry of its judgment, the trial court entered findings of fact and conclusions of law. We derive the background facts mainly from the unchallenged findings of fact that are supported by the record.

executor of his estate. At the time of his death, Arturo owned 100% of the membership interest of Farms.

After Arturo's death, a controversy arose between Farley, who was Patricia's son from her first marriage,[3] and Pena, the independent executor of Arturo's estate, over the ownership of the Property, and a declaratory judgment action was filed by Farley in 2015[4] in the County Court at Law #1 of Grayson County (the Grayson County Lawsuit), where Patricia's will was probated. The Grayson County Lawsuit was styled *Estate of Patricia Ann Hernandez, Deceased* and was assigned cause number 2002-1-40P. In 2016, a declaratory judgment was entered in the Grayson County Lawsuit that found Patricia intended to bequeath to Arturo a life estate in the Property, and a summary judgment was entered that found that, at the time of his death, Arturo possessed or had an interest in the Property and that Farley, as successor independent executor of Patricia's estate, should recover the Property.[5]

Pena appealed that judgment[6] to the Dallas Court of Appeals. The court of appeals reversed the declaratory judgment and rendered judgment that Patricia's will devised Arturo the Property in fee simple determinable with an executory interest to Farley in fee simple absolute. But because Pena did not challenge the summary judgment order, the court of appeals affirmed

---

[3]*See In re Estate of Hernandez*, No. 05-16-01350-CV, 2018 WL 525762, at *2 (Tex. App.—Dallas Jan. 28, 2018, no pet.) (mem. op.).

[4]*Id.* at *3.

[5]At the hearing on the plea in abatement, Farms contended and on appeal it contends that the summary judgment order is void because the County Court at Law #1 of Grayson County lacked subject-matter jurisdiction over the Property. *See, e.g.*, TEX. EST. CODE ANN. § 31.002(a)(5)–(6), (b). Because another issue is dispositive of this appeal, we do not reach this issue.

[6]The Dallas Court of Appeals deemed the declaratory judgment and the summary judgment to comprise one final judgment. *In re Estate of Hernandez*, 2018 WL 525762, at *1 n.1.

that order. On January 24, 2018, the court of appeals entered its judgment in accordance with its opinion. On July 11, 2019, the County Court at Law of Fannin County, the court in which Arturo's will was probated, entered an order in reliance on the opinion of the Dallas Court of Appeals that required John Skotnik, the successor independent executor of Arturo's estate, to execute a deed conveying the Property to Farley on behalf of Arturo's estate and Farms.

On January 20, 2020, Farms filed this trespass to try title suit against Farley, his successors in interest to the Property, and other parties that were involved in transferring the Property based on the opinion of the Dallas Court of Appeals. Farms alleges that Arturo's membership interest in Farms has vested in Pena, as Arturo's devisee. The trial court found that ownership of the Property was also placed at issue in the Grayson County Lawsuit.

After a hearing, the trial court granted the plea in abatement, dismissed Farms's causes of action against all parties, and concluded that the County Court at Law #1 of Grayson County had dominant jurisdiction. On appeal, Farms asserts that the trial court erred in granting the plea in abatement because (1) the judgment in the Grayson County Lawsuit was not effective as to Farms because the court lacked personal jurisdiction over Farms, (2) the County Court at Law #1 of Grayson County lacked subject-matter jurisdiction over the property, (3) Arturo did not own the Property when he died, (4) the actions of the County Court at Law of Fannin County were without basis in law, (5) the Grayson County Lawsuit was not a pending suit, and (6) Farms was not a party to the Grayson County Lawsuit.

4

## II.   Standard of Review

A trial court's ruling on a plea in abatement is reviewed under an abuse of discretion standard. *Gober v. Bulkley Props., LLC*, No. 06-18-00031-CV, 2019 WL 321326, at *4 (Tex. App.—Texarkana Jan. 25, 2019, pet. denied) (mem. op.). "A court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Id.* (quoting *Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, at *5 (Tex. App.—Texarkana Mar. 25, 2009, pet. denied) (mem. op.)). "With regard to factual questions, the abuse-of-discretion standard is more akin to a clear-error standard." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding) (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997)). "But with regard to questions of law, '[a] trial court has no "discretion" in determining what the law is or applying the law to the facts.'" *Id.* (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Consequently, "[a]n error in analyzing or applying the law is an abuse of discretion." *Gober*, 2019 WL 321326, at *4 (quoting *Reagan*, 2009 WL 763565, at *5).

## III.   Dominant Jurisdiction

"The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d at 294 (quoting *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) (orig. proceeding)). "In instances where inherently interrelated suits are pending in two counties, and venue is proper in either county, the court in which suit was first filed acquires dominant jurisdiction." *In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d 320, 322 (Tex. 2016) (per curiam)

(orig. proceeding). "In these circumstances, the general rule is that the court in the second action *must* abate the suit." *Id.* (citing *In re J.B. Hunt*, 492 S.W.3d at 294). "This first-filed rule flows from 'principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues.'" *In re J.B. Hunt*, 492 S.W.3d at 294 (quoting *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988)).

That said, if the first-filed suit is no longer pending, "a plea in abatement based on that action must be overruled." *Guy v. Damson Oil Corp.*, No. 13-91-028-CV, 1997 WL 33760709, at *3 (Tex. App.—Corpus Christi Mar. 27, 1997, no writ) (citing *Trapnell v. Hunter*, 785 S.W.2d 426, 428 (Tex. App.—Corpus Christi 1990, orig. proceeding); *Munson, Munson & Porter, P.C. v. Robinson*, 634 S.W.2d 32, 34 (Tex. App.—Tyler 1982, no writ)). When an action has been effectively dismissed, discontinued, or otherwise terminated, it is no longer a pending action for the purposes of abatement. *Id.* Further, "an action which has been prosecuted to final judgment with all right to appeal exhausted is no longer 'pending' for purposes of an abatement of a subsequently filed suit." *Id.* (citing *Zarsky v. Moss*, 193 S.W.2d 245 (Tex. App.—San Antonio 1946, no writ)).

## IV. Analysis

When a claim or cause of action is abated, it is abated only "until some obstacle to its further prosecution [is] removed." *Tex. Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967) (citing *Life Ass'n of Am. v. Goode*, 8 S.W. 639, 640 (Tex. 1888)). Thus, in an abatement based on a prior-filed suit, when judgment in the prior suit becomes final because all appeals have been exhausted, the purpose of the abatement (i.e., the preservation of the dominant

6

jurisdiction of the first-filed suit) has been fulfilled, so there remains no obstacle to the prosecution of the second suit. Obviously, then, if the judgment in the first-filed suit had become final and it was no longer pending before the plea in abatement was decided, abatement would serve no purpose. For that reason, granting a plea in abatement when the first-filed suit is no longer pending is an abuse of discretion. *See Zarsky v. Moss*, 193 S.W.2d 245, 245–46 (Tex. App.—San Antonio 1946, no writ).

On appeal, Farms has challenged the trial court's implied finding that the Grayson County Lawsuit was a pending suit. The trial court concluded that the Grayson County Lawsuit and this suit were inherently interrelated, that ownership of the Property was decided by the Grayson County Lawsuit, and that that decision was affirmed on appeal. The evidence also showed that the affirmance by the Dallas Court of Appeals had become a final judgment long before this suit was filed. Thus, the Grayson County Lawsuit was no longer pending when the order granting the plea in abatement was entered in this suit. *Guy*, 1997 WL 33760709, at *3. For that reason, the trial court erred when it granted the plea in abatement and dismissed Farms's causes of action. *Id.* As a result, we sustain this issue.[7]

Still, Appellees argue in their brief that Farms is precluded from pursuing this case by the principles of res judicata and collateral estoppel, without citation to the record or to legal authority supporting their arguments. Generally, a party who does not support its argument with appropriate citations to the record and legal authority forfeits the argument because of inadequate

---

[7]Because this issue is dispositive of this appeal, we do not address Farms's remaining issues.

briefing.  *Delta Cty. Appraisal Dist. v. PPF Gin & Warehouse, LLC*, 632 S.W.3d 637, 652 (Tex. App.—Texarkana 2021, pet. filed).

Even so, in this case, the trial court entered findings of fact and conclusions of law that the issue of ownership of the Property had been litigated and decided by the Grayson County Lawsuit and that the relief sought by Farms was fully and fairly litigated in that lawsuit.  These findings may support, in part, the trial court's judgment on a theory of res judicata—also called claim preclusion—or collateral estoppel—also called issue preclusion.  *See Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994) (Issue preclusion requires, among other things, that "the facts sought to be litigated in the second action were fully and fairly litigated in the first action."); *RPI Denton Ctr., Ltd. v. Brown*, No. 06-13-00035-CV, 2013 WL 5459960, at *2 (Tex. App.—Texarkana Oct. 1, 2013, pet. denied) (mem. op.) (Claim preclusion requires, among other things, proof that the "second action [is] based on the same claims as were raised or could have been raised in the first action.").  Both claim preclusion and issue preclusion also require proof that the party against whom it is asserted in the second suit was either a party to or in privity with a party to the first suit.  *Trapnell*, 890 S.W.2d at 802; *RPI Denton Ctr., Ltd.*, 2013 WL 5459960, at *2.  If we can infer findings of fact supported by the evidence, we will "uphold the judgment on any theory of law applicable to the case."  *Paragon Indus. Applications, Inc. v. Stan Excavating, LLC*, 432 S.W.3d 542, 549 (Tex. App.—Texarkana 2014, no pet.) (citing *Giangrosso v. Crosley*, 840 S.W.2d 765, 769 (Tex. App.—Houston [1st Dist.] 1992, no writ)).

In the trial court, Appellees requested a finding that the parties in the Grayson County Lawsuit and the parties in this suit were the same or were in privity, but the trial court refused to

8

make that finding. "Rule 299 allows presumed findings on [u]nrequested and omitted findings. It does not permit a finding to be presumed when that finding was [r]equested and [r]efused by the trial judge." *Stretcher v. Gregg*, 542 S.W.2d 954, 958 (Tex. App.—Texarkana 1976, no writ); *see TPG (Post Oak) Acquisition, LLC v. Greystone Multi-Family Builders, Inc.*, No. 01-18-00396-CV, 2021 WL 3870130, at \*19 (Tex. App.—Houston [1st Dist.] Aug. 31, 2021, no pet. h.) (mem. op.); *Davey v. Shaw*, 225 S.W.3d 843, 857 (Tex. App.—Dallas 2007, no pet.). Since we cannot presume a finding on an essential element of both claim preclusion and issue preclusion, the trial court's judgment cannot be supported under those theories.

## V.     Conclusion

For the reasons stated, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

Scott E. Stevens
Justice

Date Submitted:     December 7, 2021
Date Decided:       January 12, 2022

9