TTincRLKR, J.
The assignment of errors brings in question the effect to the submission of 1 he controversy to an arbitration, the admissibility .of tlie transcript, from the records of Harris comity, tlie siiilicieney of the evidence, and tlie relevancy of the verdict to the issues.
It was doubtless the intention of tlie parties to avail themselves of tlie provisions of the act of 1840, (Hart. Dig-., p. 89,) in submitting- the case to arbitration. The statute prescribes tlie proceedings which shall be had; and if they would have invoked its aid they should have observed its directions. This they have net, done, but have substituted their agreement, variant from tlie law, for its provisions. (See Statute, section 4 and (j.)
In (lie ease of Owens v. Withee, (3 Tex. K., 101,) a doubt was expressed whether the statute was intended to embrace a case where suit had been brought. However 1 lint, may be, it is clear upon tlie authority of that case and upon principle that this award could not have been made the judgment of tlie court, under I lie, statute, because the submission did not pursue its directions. The agreement to arbitrate, therefore, not having conformed to the statute, did not divest the court of its jurisdiction of tlie case, and formed no obstacle to *24 the subsequent proceedings and judgment. If any advantage could have been derived to either party iii this case by reason of the award, it was waived by consenting- to disregard the award and proceed to trial.
Note 8. — When an agreement to arbitrate does not depart in substance from the statute, although it fails to conform thereto in matter of form, and the parties afterwards cause the agreement to be filed in court and proceed thenceforward under the statute, the award will be a good statutory award. (Forsliey v. Railroad Company, 16 T., 510; Alexander v. Wither-spoon, 30 T., 291.)
In respect to the admissibility of the copy of the agreement from the records of Harris county we have felt more difficulty. It'clearly was not admissible, unless under the agreement of the parties of the 22d of March to the reading in evidence of the “testimony” then on file. This paper was on file; it was attached to interrogatories filed in the case; but whether it was intended that it should be embraced by the terms of the agreement may admit of some doubt. It is, however, a question of intention, and that such was the intention at least of the party offering the paper appears probable from the fact that though its admission in evidence was very important to his case ho took no further steps to make the proof necessary to enable him to introduce it. It does not very satisfactorily appear what other papers were on file, intended to be read in evidence by the parties respectively, to wldcli the agreement referred. It was the opinion of the presiding judge that it embraced this paper, and we are not prepared to hold that he erred in that opinion. We regard the. evidence in the case as quite sufficient to authorize the finding; and had not this paper been before the jury we should hesitate to disturb the verdict, on the ground that it was not warranted by the evidence.
There is nothing in the objection that the verdict is not responsive to the issue. The answer put in issue the alleged indebtedness of the defendant, and it is never necessary to entitle the plaintiff to a verdict that he should prove the whole of his demand. He is entitled to recover what the evidence shows to be due. The judgment is affirmed. ‘
Judgment affirmed.
Bipsoomb, J.,
not having heard the argument, gave no opinion.