**WACO TRANSIT CORPORATION et al.,**
**Appellants,**

**v.**

**TRANSPORT WORKERS UNION OF AMERICA LOCAL NO. 276**
**et al., Appellees.**

**No. 4475.**

Court of Civil Appeals of Texas.

Waco.

March 31, 1966.

Rehearing Denied April 21, 1966.

Jones, Boyd, Westbrook & Lovelace, Charles I. Nelson, Waco, for appellants.

W. Lance Corsbie, Roy Rutland, Jr., Waco, for appellees.

WILSON, Justice.

The decision of an arbitrator in a non-statutory arbitration proceeding conducted under a collective bargaining agreement was upheld by the district court. The transit company appeals. The principal question presented is whether the arbitrator's decision included matters beyond his arbitral jurisdiction. We hold it did not, and affirm.

The collective bargaining agreement recited the right of the company to determine employee qualifications, and its right to "enforce discipline necessary to safe and efficient operation" was recognized. It was provided that "employees may be disciplined or dismissed for violation of this agreement or other just cause only". Article 17 relating to "discipline, dismissal and grievances" provides for detailed preliminary grievance procedure "if an employee or union feels that he has been unjustly disciplined or dismissed" for obtaining review of the company's decision. It was agreed that the employee or union "shall attempt to adjust the matter" with the company supervisor and if "the matter is not settled" appeal was authorized to an official for the company's decision. It concluded: "if the final decision of the company in any matter arising under this article is not satisfactory to the union, the union may refer the matter to arbitration" to be conducted under the terms of the contract. The parties agreed, however, that "if the company's decision is that the employee has been unjustly disciplined or dismissed, he shall be reinstated and compensated for any wage loss suffered by him."

As a result of the discharge by the company of an employee-member of appellee union, the parties executed a "stipulation" for submission to a voluntary labor arbitration tribunal under auspices of American Arbitration Association. The matter submitted for arbitration was stated in a letter adopted in the stipulation to be the contention or "opinion" of the employee and the union "that the recent disciplinary action taken by the corporation in his behalf is unjust and unwarranted."

After a hearing the arbitrator agreed upon, Professor Roy Ray of the Southern Methodist University School of Law, rendered a decision in which he concluded (1) that the discharge was without just cause, but (2) that a suspension was justified; and a one-month suspension period was fixed. The company was directed to reinstate the employee with back pay and seniority rights at the expiration of the suspension period.

The company's contention here is that the "only question submitted to the arbitrator was whether the disciplinary action taken by the company was based upon good cause," and he was without jurisdiction to determine that "just cause existed for disciplinary action, but not for discharge."

The jurisdictional provision in the collective bargaining agreement prescribes only that if the final decision of the company in "any matter" arising under the article concerning discipline, dismissal or grievances is not satisfactory, the union may refer "the matter" to arbitration. It requires the arbitrator to issue a written decision containing instructions to the parties concerning "the settlement of the case." It is sufficiently broad that it must be said that every matter included in the arbitrator's decision was included expressly or by necessary implication in that article of the agreement. The "stipulation" states that the "matter" agreed to be submitted is: "that the recent disciplinary action taken" by the company "is unjust and unwarranted."

The parties devote much of their briefs to debating whether state or federal law governs the jurisdictional question, and

what the rules of decision are under each. We regard those questions as immaterial. The question presented involves the interpretation of the stipulation from which the arbitrator's authority is derived. This is a matter of contract law under Texas rules and under federal decision. Lodge No. 12, Dist. No. 37, etc. v. Cameron Iron Works, Inc., 5 Cir., 1961, 292 F.2d 112, 117, cert. den., 368 U.S. 926, 82 S.Ct. 361, 7 L.Ed.2d 190. See Textile Workers' Union of America, etc. v. American Thread Co., 4 Cir., 1961, 291 F.2d 894. In this respect the holding of the Texas Supreme Court in Gulf Oil Corporation v. Guidry, 160 Tex. 139, 327 S.W.2d 406, 408 (1959) that the authority of the arbitrator is limited to a decision of the matters submitted expressly or by necessary implication by the arbitration agreement from which his authority is derived, is not opposed to that of the United States Supreme Court in United Steel Workers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steel Workers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); and United Steel Workers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403, (1960) to the effect that a claim should not be excluded from arbitration unless there is an express exclusion or forceful evidence of such purpose.

In Guidry, the sole question submitted to arbitration was expressly limited to whether the employee's discharge was for cause. The arbitration award determined, notwithstanding, that the discharge was discriminatory, that the employee should be demoted, and the company should pay back wages. It was held the issue of the penalty to be imposed exceeded the scope of submission which was limited by the agreement of the parties to whether the discharge was "for cause."

■ The United States Supreme Court rule applicable to section 301 of the Labor Management Relations Act, 29 U.S.C.A., Sec. 185, is not to be contrasted: "For arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409. That doubts "should be resolved in favor of coverage" by the arbitration agreement, as that court holds, is simply a rule of construction in case of ambiguity. See Smith, "The Question of Arbitrability", 16 Southwestern L.Journal 1.

We have no difficulty under both statements of the applicable rules in rejecting the contention that the agreement of the parties here confines the arbitrable issue to whether the discharge was based on good cause. We reject also the argument that "disciplinary action" does not include dismissal.

■ In the "trilogy" cases the questions were whether specific grievances were arbitrable under broad collective bargaining agreements requiring arbitration of "all disputes between the parties 'as to the meaning, interpretation and application of the provisions of this agreement.'" This is obviously a greater compass than whether "disciplinary action taken is unjust and unwarranted." Our problem is, if the specific quoted question is answered in the affirmative, have the parties by their agreement submitted the further question of what disciplinary action *is* just and warranted; and have they empowered the arbitrator to make a binding judgment as to the details of the discipline so found to be just and warranted.

The arbitration agreement contained in the letter is to be construed in connection with the collective bargaining agreement, Article 17(e), which shows the intention of the parties to be that if a grievance is determined amicably by a decision that the employee "has been unjustly disciplined or dismissed" an agreed consequence will ensue: "he shall be reinstated and compensated for any wage loss." This makes reinstatement a concomitant of the decision.

It is obviously impossible to fix and compute "wage loss" unless it also be decided, as did the arbitrator, that suspension is a proper discipline, where the suspension period is to be excluded in computation of wage loss. The power to award suspension, therefore, is implied as attendant and co-incident to the company's duty and authority in preliminary procedure, and of the jurisdiction of the arbitrator under submission of "the matter" specified in Article 17(e) of the collective bargaining agreement and the stipulation. Appellants' points are overruled. Affirmed.

TIREY, J., not participating.