**Murlean Dickerson CARPENTER et vir,**
**Appellants,**

**v.**

**The NORTH RIVER INSURANCE COM-**
**PANY, Appellee.**

**No. 187.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 11, 1968.

Rehearing Denied Jan. 8, 1969.

Harold Lloyd, Lloyd & Shenk, Houston, for appellants.

Jonathan Day, Tom Alexander, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

TUNKS, Chief Justice.

The appellant, Mrs. Murlean Dickerson Carpenter, bought a policy of automobile insurance from the appellee, The North River Insurance Company. That policy had an uninsured motorist provision. During the time it was in force, Mrs. Carpenter was injured in an automobile collision with another driver who did not have public liability insurance coverage which fact gave rise to her claim for benefit under the uninsured motorist provision of her policy.

The insurance policy also provided for arbitration of claims arising under the uninsured motorist clause in accordance with the rules of the American Arbitration Association. The parties, apparently being in dispute as to Mrs. Carpenter's right to recover on her claim and as to the amount of her damages, agreed to arbitrate under that clause. An attorney of the Houston Bar was named arbitrator by the Association and the hearing was set for February 19, 1968. On February 16, 1968, the regional manager of the American Arbitration Association, on request of the attorney for Mrs. Carpenter, and over the protest of the attorney for the insurance company, substituted another arbitrator and postponed the hearing. The arbitration hearing was held before the second arbitrator on May 14, 1968. The attorney representing the insurance company in the matter did not appear at the hearing but sent an associate to present a motion for continuance. The motion was denied and the hearing proceeded, resulting in an award to Mrs. Carpenter in the amount of $8,750.00.

The award was not paid and Mrs. Carpenter, joined by her husband, filed suit in the District Court of Harris County, Texas, against The North River Insurance Company. In their petition they alleged the above mentioned uninsured motorist provision of the insurance policy and that Mrs. Carpenter had been injured due to the negligence of an uninsured motorist. They alleged that they had "complied in all respects with the requirements of the policy regarding arbitration" and that by the arbitration Mrs. Carpenter was awarded $8,750.00. They prayed that the award be "reduced to judgment."

The North River Insurance Company answered by general denial and by plea that the case be dismissed because the court had no jurisdiction to reduce the award to judgment. By its answer the insurance company also asked that the case be dismissed because of the invalidity of the award for several grounds which may be summarized as follows: (1) the arbitrator denied it due process in overruling its motion for continuance because of the

absence of its counsel, (2) it had withdrawn its agreement to arbitrate before the award was made, (3) arbitration of disputes growing out of insurance policies is precluded by part 1 of Title 10 (Art. 224 to 238–6, inclusive), Vernon's Ann.Tex.St., the Texas General Arbitration Act. Pursuant to the defendant's plea the trial court dismissed the case and the plaintiffs have appealed.

■■■ With reference to the insurance company's attack upon the arbitrator's award because of the overruling of its motion for continuance, it is to be remembered that we are not asked to review a trial court's ruling on a motion for continuance; rather it is the position of the insurance company here and before the trial court that the award is invalid because the arbitrator overruled its motion. An otherwise valid award may be held invalid if it is tainted with fraud, misconduct or such gross mistake as would imply bad faith and failure to exercise honest judgment. Albert v. Albert, 391 S.W.2d 186 (Tex.Civ. App.), writ ref., n. r. e.; Smith v. Barnett, 373 S.W.2d 762 (Tex.Civ.App.), no writ hist. The party complaining of the award, however, has the burden of showing such fraud, misconduct or mistake if he is to prevail in his plea that the award be set aside. Ferguson v. Ferguson, 93 S.W.2d 513 (Tex.Civ.App.), writ dism. The trial court's judgment recites that "after examining the pleadings and hearing arguments of counsel, the Court found that this cause should be dismissed for want of jurisdiction." There is nothing in the record before us, nor was there anything in the pleading on which the trial court based its judgment, by which the insurance company discharged its burden of proof in seeking to set aside the award because of the arbitrator's overruling of its motion for continuance. Under such circumstances there is a presumption that the award is valid. Green v. Franklin, 1 Tex. 497; Hooper v. Brinson, 2 Tex. 185.

■■■ Under the common law an agreement to submit a matter to arbitration may be revoked by either party to that agreement at any time before the award is made. Huntington Corp. v. Inwood Const. Co., 348 S.W.2d 442 (Tex.Civ.App.), writ ref., n. r. e. The insurance company here contends that it had revoked its agreement to arbitrate the dispute with Mrs. Carpenter before the award was made. The record, however, does not so conclusively show such revocation as to justify the trial court's dismissal of this case. In fact, the record refutes the insurance company's position. In its motion for continuance filed on the date of the hearing there are set forth suggestions as to alternative future dates for the hearing, clearly indicating that it had not then revoked the agreement to arbitrate. Here, too, the award is presumed to have been made pursuant to an existing agreement until the complaining party sustains the burden of proving that it had withdrawn its agreement to arbitrate.

■■■ An award made pursuant to arbitration agreed to by parties to an existing dispute has long been recognized in common law as a legitimate basis for a cause of action. 5 Am.Jur.2d, Arbitration and Awards, Sec. 6, p. 522; 6 C.J.S. Arbitration and Award, § 1, p. 152, Art. VII, Sec. 15 of the First Constitution of the State of Texas directed the Legislature to pass laws providing for arbitration of differences when the parties elected to use that method. Vol. 2, Gamell's Laws of Texas, p. 1293. In response to that mandate the first Legislature of the State of Texas, on April 25, 1846, enacted such a statute. Volume 2, Gamell's Laws of Texas, p. 1433. That statute established a procedure for arbitration of existing disputes or accrued causes of action. It further provided that an award made in keeping with the statutory procedure, subject to the right of appeal if such right was reserved, be entered as judgment of the court having appropriate jurisdiction. An agreement made in accordance with that statute was not revocable, as was an agreement made at common law.

The 1846 Arbitration Statute did not include any language saying whether or not

it was the Legislature's intention that it be the exclusive method for arbitration of disputes in Texas. During the time that statute was in its original language a question was raised by the Texas Supreme Court in at least one case as to whether its enactment had precluded arbitration by any other method. See Cox v. Giddings, 9 Tex. 44. However, in Rector v. Hunter, 15 Tex. 380, an award made pursuant to an agreement to arbitrate, which agreement did not comply with the statute, was held valid as a common law award.

When the statutes of the State of Texas were codified in 1879, language was included in the Arbitration Statute which specifically provided that statutory procedure for arbitration was not the exclusive method available. That language was carried forward in subsequent codifications (being set out in Art. 238 in 1925 revision, and remained in effect until January 1, 1966 when the most recent amendment to the Texas General Arbitration Statutes went into effect).

For several years prior to 1965, representatives of the State Bar of Texas had sought a revision of the Texas Arbitration Statutes. Before that date, those statutes, substantially in the same form as originally enacted in 1846, provided procedures for arbitration of *existing* disputes or *accrued* causes of action but no such procedure was made available for *future* disputes or causes of action. The principal change sought by the representatives of the Bar was a statute that would make enforceable and provide procedure for the enforcement of agreements to arbitrate disputes that had not arisen and causes of action that had not accrued at the time of the making of the agreement to arbitrate. For a history of this action, see the appendix to Carrington, The 1965 General Arbitration Statute of Texas, Vol. 20, Southwestern Law Journal 21, pp. 58–62.

In 1965, the Legislature enacted statutes amending the Texas General Arbitration Statutes. Those statutes are part 1 of Title 10, (Art. 224–238–6, inclusive), V.A.T.S. Article 224, as amended, provides for the enforcement of agreement to arbitrate future disputes, but excludes from its applicability, among others, disputes growing out of insurance contracts, as does the dispute in this case. This dispute arose after the effective date of the amended statutes. Thus, the arbitration here conducted and the award made cannot be considered as being statutory in nature.

Before the 1965 amendment of the arbitration statute, Art. 238 provided that "nothing herein shall be construed as affecting the existing right of parties to arbitrate their differences in such mode as they may select." That statute was not re-enacted in the 1965 amendment, nor does the new law have any similar language specifically reciting that it is not the exclusive method of arbitrating disputes in Texas. The question thus presented to us is whether it was the intention of the Legislature in the passage of the Texas General Arbitration Act in 1965 to provide the exclusive method for arbitrating disputes in Texas so as to make unavailable arbitrations pursuant to the common law. If such was the legislative intent then the award that is the subject matter of this case is invalid and the trial court properly dismissed the plaintiff's case.

As noted above, even before the 1879 codification of the Texas statutes, during the time when there was no statutory language making the common law arbitration available to disputants, awards not enforceable under the statute were upheld as valid common law awards. Rector v. Hunter, supra. The language of the 1879 codification carried forward into Art. 238 of the 1925 revisions of the Texas statute referred to "the existing right of parties to arbitrate" thus suggesting that the legislature considered parties to have a right to arbitrate at common law at the date of the enactment of that statute. In later cases it has been held that a dual system of arbitration existed in Texas, one system statutory and the other at common law.

See for example Ferguson v. Ferguson, supra.

While the present general arbitration statutes do not have language specifically reserving to the disputants the right to resort to common law arbitration, neither do they have any language purporting to rendering common law arbitrations invalid. Art. 1, V.A.T.S., provides as follows:

"The common law of England, so far as it is not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature."

▮ We are of the opinion that the Legislature in repealing Art. 238 and in not including similar language in the amended arbitration statutes, did not intend to deprive the parties of the common law procedure for arbitrating their existing disputes or accrued causes of action, which common law procedure was carried forward into Texas law by the above quoted Article 1.

In discussing efforts being made by some of the members of the State Bar of Texas before 1965 to get the Legislature to adopt the then proposed arbitration statutes, Messrs. Dougherty and Graf in their article, Should Texas Revise its Arbitration Statutes, 41 Tex.Law Review, at p. 238, said:

"The present article 238 provides for the continuance of common law arbitration. The Proposed Act makes such a provision unnecessary since only a final award was enforceable at common law, and clearly such an award could be given effect under the provisions of the new act."

See also Carrington, The 1965 General Arbitration Statute of Texas, supra.

Article 238–4 of the 1965 Arbitration Statute provides as follows:

"This Act shall be so construed as to effectuate its general purpose and make

uniform the construction of those articles and sections that are enacted into the law of arbitration proceedings of other states."

In the many other states having arbitration statutes similar to our 1965 statute, it is almost uniformly held that the statutory remedy is cumulative and that the common law remedy remains available to those who choose to use it. Sturges & Reckson, Common-Law and Statutory Arbitration: Problems Arising From Their Coexistence, 46 Minn.Law Rev. 819.

Texas has, since 1895, had a second arbitration statute. That statute is part 2 of Title 10 (Art. 239 to 249, inclusive), V.A.T.S. It relates particularly to arbitration of disputes between employer and employee and provides a statutory procedure therefore. There is no language in that statute reserving to the parties the right to arbitrate such disputes under a common law agreement. In Waco Transit Corp. v. Transport Workers Union of America Local No. 276, 402 S.W.2d 253 (Tex.Civ. App.), writ ref., n. r. e., the court, without discussing the question of whether the statute precluded common law arbitration of labor disputes, held valid the award made in a nonstatutory arbitration proceeding involving a labor dispute.

▮ The settlement of disputes by arbitration is favored in the law of Texas. The statutes relating to arbitration and award should be construed liberally in keeping with that principle. Brazoria County v. Knutson, 142 Tex. 172, 176 S.W.2d 740; Offeciers v. Dirks, 2 Tex. 468.

▮ We hold that the trial court erred in rendering its judgment dismissing the plaintiff's case. The award in favor of plaintiff is a valid common law award subject to the defendant's right to show that it is tainted with fraud, misconduct or such gross mistake as would imply bad faith and failure to exercise honest judgment.

The judgment of the trial court is reversed and remanded.