ISLAND V. HAYMAN 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-409-CV





THE ISLAND ON LAKE TRAVIS, LTD., ET AL.,



 APPELLANTS


vs.





THE HAYMAN COMPANY GENERAL CONTRACTORS, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 462,013, HONORABLE JOE B. DIBRELL, JR., JUDGE PRESIDING 



 




 This case involves the arbitration of a construction-contract dispute. A panel of
arbitrators of the American Arbitration Association awarded The Hayman Company General
Contractors, Inc. ("Hayman Company") the sum of $860,742.31 against The Island On Lake
Travis, Ltd. ("The Island"). (1) The Island filed a proceeding in district court seeking to vacate the
arbitration award; however, the district court denied The Island's motion to vacate and instead
granted Hayman Company's motion to confirm the award. On appeal to this Court, The Island
argues that the district court erred in confirming the award because: (1) the arbitrators exceeded
their authority; (2) the arbitrators committed gross mistakes of both law and fact; and (3) Hayman
Company fraudulently induced The Island to enter into the construction contract. We will affirm
the district court's judgment.


BACKGROUND


 In August 1986 The Lake Travis Island, Ltd., general partner of The Island On
Lake Travis, Ltd., entered into a written contract with Hayman Company for the construction of
a condominium project. By early 1987, however, The Island decided to build a retirement center
instead of a condominium project; therefore, in September 1987, The Island executed a new
construction contract with Hayman Company that reflected the change in the project.

 The 1987 agreement provided for the construction of a 212-unit apartment
retirement facility for approximately $13 million. Hayman Company was to construct the project
on a cost-plus basis with a guaranteed maximum price; in other words, The Island was to pay
Hayman Company for its reimbursable costs to the extent such costs, plus a fixed contractor's fee,
did not exceed the guaranteed maximum price.

 During the course of the construction of the project, a dispute arose concerning,
among other things, payments, change orders, and time extensions. This dispute eventually led
to Hayman Company's initiating arbitration proceedings against The Island pursuant to the
arbitration clause in the construction contract. Hayman Company filed a demand for arbitration
with the American Arbitration Association in April 1989, and the Island filed an answer and
counterclaim against Hayman Company. The parties engaged in extensive discovery and selected
an arbitration panel of three arbitrators. In November 1990, after a three-week hearing, the
arbitrators rendered their decision in favor of Hayman Company for $860,742.31.


DISCUSSION


 We begin with a brief, general discussion of arbitration. Historically, the
settlement of disputes by arbitration has been favored in Texas law. L. H. Lacy Co. v. City of
Lubbock, 559 S.W.2d 348, 351 (Tex. 1977); Massey v. Galvan, 822 S.W.2d 309, 316 (Tex. App.
1992, writ denied). Indeed, arbitration has found such favor with Texas courts that we must
indulge every reasonable presumption to uphold arbitration awards. Massey, 822 S.W.2d at 316;
Carpenter v. North River Ins. Co., 436 S.W.2d 549, 553 (Tex. Civ. App. 1968, writ ref'd n.r.e.).

 The law governing arbitration in Texas consists of two coexisting schemes: 
common-law arbitration and the Texas General Arbitration Act (the "Act"), Tex. Rev. Civ. Stat.
Ann. arts. 224 to 238-20 (1973 & Supp. 1992). As stated above, Hayman Company instituted
arbitration proceedings against The Island pursuant to the arbitration clause in the written
construction contract between the parties; therefore, the present case falls within the realm of the
Act. See id. art. 224 (Supp. 1992). However, the legislature did not intend for the Act to
supplant common-law arbitration; indeed, if an arbitration award is not within the requirements
of the Act, the award may still be valid if it complies with common-law arbitration requirements. 
L. H. Lacy Co., 559 S.W.2d at 351-52.


1. Exceeding of Authority

 As a ground for vacating the arbitration award, The Island argues that the
arbitrators exceeded their powers. See Tex. Rev. Civ. Stat. Ann. art. 237, § A(3) (1973). As
a basis for its argument, The Island asserts: (1) that Hayman Company assigned the construction
contract in question to another general contractor known as Thomas J. Hayman Company ("TJH
Company"); and (2) that TJH Company, not Hayman Company, performed the work on the
project. Therefore, The Island argues, TJH Company is the real party in interest concerning any
disputes under the construction contract, and Hayman Company is without standing to bring any
claims under the contract. Based on the foregoing, The Island argues that we must set aside the
arbitration award because the arbitrators exceeded their authority by arbitrating claims and giving
an award to Hayman Company when TJH Company was the real party in interest concerning
disputes under the construction contract.

 As stated by the Texas Supreme Court, "the authority of arbitrators is derived from
the arbitration agreement and is limited to a decision of the matters submitted therein either
expressly or by necessary implication." Gulf Oil Corp. v. Guidry, 327 S.W.2d 406, 408 (Tex.
1959). The construction-contract agreement between Hayman Company and The Island included
the following arbitration clause:


 All claims, disputes and other matters in question between the Contractor
[Hayman Company] and the Owner [The Island] arising out of, or relating to, the
Contract Documents or the breach thereof . . . shall be determined by arbitration
in accordance with the Construction Industry Arbitration Rules of the American
Arbitration Association then obtaining unless the parties mutually agree otherwise. 
. . . The foregoing agreement to arbitrate and any other agreement to arbitrate with
an additional person or persons duly consented to by the parties to the Owner-Contractor Agreement shall be specifically enforceable under the prevailing
arbitration law. The award rendered by the arbitrators shall be final, and judgment
may be entered upon it in accordance with applicable law in any court having
jurisdiction thereof.


 As stated above, The Island asserts that Hayman Company assigned the
construction contract in question to TJH Company and that TJH Company, not Hayman
Company, actually performed on the contract; therefore, any disputes concerning the construction
project were actually between The Island and TJH Company, not The Island and Hayman
Company. Thus, The Island argues, the arbitrators exceeded their authority under the arbitration
clause because that clause authorized the arbitrators to decide only disputes between The Island
and Hayman Company, not disputes between The Island and TJH Company.

 The arbitration clause in the present case is written in very broad terms, covering
"[a]ll claims, disputes and other matters in question between the Contractor [Hayman Company]
and the Owner [The Island] arising out of, or relating to, the Contract Documents or the breach
thereof." The issue of whether Hayman Company actually owned any claims against The Island
arising from the construction project was very much disputed at the arbitration proceedings. 
Hayman Company claimed that it did perform work on the project and that there was no effective
assignment of the construction contract to TJH Company; therefore, Hayman Company argued
that it was the owner of any claims arising from the project. On this basis, Hayman Company
argues in this appeal that the arbitrators did not exceed their authority.

 Clearly this was a dispute between Hayman Company and The Island arising out
of, or relating to, the contract documents or the breach thereof. Under such a broad arbitration
clause, a dispute between the parties to the contract concerning the ownership of a claim arising
from the contract is just as arbitrable as a dispute concerning the merits of the claim itself. This
was not a case where The Island was forced into arbitration with a party with which it had not
agreed to arbitrate; there is no dispute that an agreement to arbitrate existed between Hayman
Company and The Island. Hayman Company merely asserted certain claims arising from the
contract, and The Island attempted to defend by arguing that Hayman Company did not have the
right to assert those claims because, having assigned the contract, Hayman Company did not own
the claims. The arbitrators heard evidence and considered argument of both Hayman Company
and The Island concerning the assignment/ownership issue; and the arbitrators decided that
Hayman Company owned the claims in question. We decline to accept The Island's invitation,
based on an "authority" argument, to redetermine the facts concerning the ownership issue when
the arbitration clause clearly gave the arbitrators the power to make such a determination. As
stated above, there is a strong presumption favoring arbitration, and any doubts concerning the
scope of the issues to be submitted to arbitration should be resolved in favor of arbitration. See
Transwestern Pipeline Co. v. Horizon Oil & Gas Co., 809 S.W.2d 589, 591 (Tex. App. 1991,
writ dism'd w.o.j.). Indeed, in addressing The Island's argument, we are mindful of other courts'
caution against a party's "use of the `authority' argument as a ruse to induce the reviewing court
to `redetermine the facts--even just a tiny bit--or reach a legal conclusion on them as found or
hoped for which differs from that of the'" arbitrators. Amoco Oil Co. v. Oil, Chem. & Atomic
Workers Int'l Union, 548 F.2d 1288, 1295 (7th Cir. 1977) (quoting Gulf States Tel. Co. v. Local
1692, Int'l Bhd. of Elec. Workers, 416 F.2d 198, 201 (5th Cir. 1969)), cert. denied, 431 U.S. 905
(1977).

 Further, we note that The Island expressly submitted the assignment/ownership
issue to the arbitrators. When Hayman Company finished presenting its case to the arbitration
panel, The Island moved for the arbitration equivalent of a directed verdict, arguing that Hayman
Company did not own the claims in question and that TJH Company was the real party in interest. 
Specifically, The Island's counsel at the arbitration proceedings stated: "I would agree that
whether or not this entity [Hayman Company] owns the claim is an arbitrable issue and that is
why we're asking for that award to be made." A party cannot submit an issue to the arbitration
panel and then, when an unfavorable result occurs, claim that the arbitrators exceeded their
authority in deciding the issue. (2)

 In summary, a dispute between Hayman Company and The Island as to whether
Hayman Company owned the claims it was asserting was clearly arbitrable under the arbitration
clause in the construction contract between the parties; therefore, we conclude that the arbitrators
did not exceed their authority in deciding the issue against The Island.


2. Gross Mistake

 As another ground for vacating the arbitration award, The Island argues that the
arbitrators committed "gross mistakes" in determining that Hayman Company owned the claims
that it asserted and in awarding damages to Hayman Company based on those claims, because the
evidence clearly established that: (1) Hayman Company had assigned the construction contract
in question to TJH Company; and (2) TJH Company, not Hayman Company, had performed any
work done under the contract. The Island also argues that the arbitrators committed a gross
mistake in calculating Hayman Company's damages.

 Initially, we note that "gross mistake" is not listed in the Act as a ground for setting
aside an arbitration award. Assuming arguendo, however, that gross mistake is a proper basis for
attacking an arbitration award falling within the realm of the Act, we conclude that the arbitrators
did not commit any such mistake.

 The test for determining whether or not an arbitration award must be vacated is
whether the award is "tainted with fraud, misconduct, or such gross mistake as would imply bad
faith and failure to exercise honest judgment." House Grain Co. v. Obst, 659 S.W.2d 903, 905
(Tex. App. 1983, writ ref'd n.r.e.) (quoting Carpenter, 436 S.W.2d at 551). Therefore, a "gross
mistake" must be one that implies bad faith and failure to exercise honest judgment. House Grain
Co., 659 S.W.2d at 906. A mere mistake of fact or law alone is insufficient to set aside an
arbitration award; only those errors of fact or law that result in a fraud or some great and manifest
wrong and injustice warrant setting aside an arbitration award. Id.; Bailey & Williams v. Westfall,
727 S.W.2d 86, 90 (Tex. App. 1987, writ ref'd n.r.e.). A gross mistake is one that "results in
a decision that is arbitrary or capricious. An honest judgment made after due consideration given
to conflicting claims, however erroneous, is not arbitrary or capricious." Bailey & Williams, 727
S.W.2d at 90. Finally, we note that "[a]n arbitration award has the same effect as the judgment
of a court of last resort, and a trial judge reviewing the award may not substitute his or her
judgment for the arbiters' merely because he would have reached a different decision." Id.


 a. Ownership of Claim

 Having reviewed the arbitration record, we conclude that the arbitrators did not
commit a gross mistake in concluding that Hayman Company owned the claims it asserted against
The Island. The 1987 construction contract in question listed Hayman Company as the contractor. 
There was no written assignment of the 1987 contract to TJH Company. Further, even if Hayman
Company attempted to assign the contract to TJH Company, the arbitrators may have determined
that the assignment was ineffective. The construction contract contained an assignment clause that
required Hayman Company to get the consent of The Island before assigning the contract to a
third party. Hayman Company never obtained such consent from The Island; therefore, the
arbitrators may have reasoned that any attempted assignment was of no effect. Further, there was
evidence that Hayman Company and TJH Company were closely related entities. Both companies
maintained the same president and chairman of the board, as well as the same address and
telephone number. And there was evidence that all parties concerned, including The Island,
treated the two companies as interchangeable. Finally, there was evidence that Hayman Company
performed at least some work on the project and that The Island made payments to Hayman
Company.

 Based on this evidence, we conclude that the arbitrators did not commit a gross
mistake in awarding damages to Hayman Company. No matter how erroneous in law or fact, the
arbitrators could have honestly determined, after giving due consideration to the evidence, that:
(1) Hayman Company never effectively assigned the contract to TJH Company; (2) Hayman
Company and TJH Company were so closely related that any assignment of the contract was of
no consequence, especially since there was evidence that all parties, including The Island, treated
the companies as interchangeable; or (3) Hayman Company performed on the contract and,
therefore, owned the claims it asserted against The Island. Therefore, we conclude that the
arbitrators' decision on the ownership issue was not so erroneous that it resulted in a fraud or
manifest injustice or implied bad faith and failure to exercise honest judgment.


 b. Damages

 The Island also argues that the arbitrators committed gross mistakes in calculating
Hayman Company's award by: (1) failing to offset Hayman Company's recovery by The Island's
costs to complete the project; (2) arbitrarily awarding Hayman Company $860,742.31; and (3)
improperly basing Hayman Company's award on a "total cost" method of calculation.

 The arbitrators awarded Hayman Company $801,742.31 in actual damages plus
$100,000 in attorney's fees. They reduced Hayman Company's recovery, however, by $41,000,
such sum being actual damages suffered by The Island. Therefore, Hayman Company's net
recovery was $860,742.31.

 First, The Island argues that Hayman Company admitted that The Island was
entitled to an offset of at least $150,000 for corrective work to be performed on the project. We
disagree. Hayman Company asserted that even if The Island had incurred $150,000 in such costs,
it had given The Island approximately $350,000 in credits that offset the $150,000. Given this
conflicting evidence, the arbitrators were entitled to believe Hayman Company. The Island also
asserts that the $41,000 in damages that the arbitrators offset against Hayman Company's award
was arbitrary. Again, we disagree. The sum of $41,000 is the approximate amount that Hayman
Company agreed it owed The Island for completion of certain work left uncompleted and for
repair of nonconforming work.

 Finally, The Island argues that the arbitrators improperly used the "total cost"
method in calculating Hayman Company's damages. As we stated above, however, errors in law
or fact are not sufficient to set aside an award unless they are such as to imply bad faith and
failure to exercise honest judgment. Having reviewed the arbitration record and Hayman
Company's evidence concerning its damages, we conclude that the arbitrators' decision concerning
damages was not so erroneous as to result in fraud or manifest injustice or to imply bad faith and
failure to exercise honest judgment.

 We conclude, therefore, that the arbitrators did not commit a gross mistake in
determining that Hayman Company had the right to assert the claims in question; nor did they
commit a gross mistake in calculating the award.


3. Fraudulent Inducement

 Finally, The Island argues that Hayman Company fraudulently induced it to enter
into a construction contract containing an arbitration clause when Hayman Company had already
assigned the contract to TJH Company or was planning to do so. The Island claims that it
specifically relied on Hayman Company's reputation in entering the contract, and that it would
not have agreed to arbitrate with TJH Company. Therefore, The Island argues, since the
arbitration agreement was fraudulently induced, there was no valid agreement to arbitrate and the
award must be set aside under Tex. Rev. Civ. Stat. Ann. art. 237, § (A)(5) (1973).

 This argument is yet another attempt by The Island to have the ownership issue
relitigated in a court of law. As discussed above, the arbitrators determined that Hayman
Company owned the claims it asserted. At no time, therefore, did The Island arbitrate with TJH
Company. There is no question that a valid agreement to arbitrate existed between The Island and
Hayman Company. In order for this Court to determine that the contract was fraudulently
induced, we would have to conclude that TJH Company was the real party in interest; the
arbitrators have already decided that issue, and we again decline The Island's invitation to revisit
it. Further, at no time during the arbitration proceedings did The Island claim that it had been
fraudulently induced to enter into the contract; therefore, it has waived any such complaint. We
reject this argument as being without merit.



CONCLUSION


 We conclude that the arbitrators neither exceeded their authority nor committed a
gross mistake in their award to Hayman Company. Further, we conclude that The Island was not
fraudulently induced to enter into the construction contract in question. Accordingly, we overrule
The Island's point of error and affirm the judgment of the district court confirming the arbitration
award.


 

 J. Woodfin Jones, Justice

[Before Justices Aboussie, Jones and Kidd]

Affirmed

Filed: July 1, 1992

[Publish]
1. The other two appellants, The Lake Travis Island, Ltd. and The Prime Group, Inc., are
general partners of The Island On Lake Travis, Ltd. For convenience we will refer to all
three appellants as "The Island."
2. The Island contends that it did not submit to the arbitration proceedings without
reservation; rather, it raised objections to the proceedings on the ground that Hayman did not
actually own the claims its was asserting. Having read the objections made by The Island, we
conclude that no clear objection was made on this basis. In any event, our conclusion that the
arbitration agreement empowered the arbitrators to decide the assignment/ownership issue
makes the objection academic.