**Affirmed and Opinion filed August 31, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00046-CV

---

### CASA DEL MAR ASSOCIATION, INC., Appellant

### V.

### WILLIAMS & THOMAS, L.P. D/B/A JAMAIL CONSTRUCTION, Appellee

---

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2013-49929**

---

## O P I N I O N

A landowner appeals the confirmation of an arbitration award issued after the arbitration of its claims against a construction contractor. According to the landowner, the trial court should have vacated the award based on the arbitration panel's gross mistake and manifest disregard of the law. We conclude that manifest disregard of the law is not a potential basis for vacating the award and

that the landowner did not show that the award is tainted with such gross mistake as would imply bad faith and failure to exercise honest judgment.  We affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Casa del Mar Association, Inc. ("Casa del Mar") contracted with appellee Williams & Thomas, L.P. d/b/a Jamail Construction ("Jamail") for the construction of certain improvements at a condominium complex owned by Casa del Mar.  Disputes arose between the parties regarding alleged defects in Jamail's work.  Casa del Mar initiated an arbitration proceeding and asserted claims against Jamail.  When the arbitration panel conducted the arbitration hearing in Houston, Casa del Mar was asserting claims against Jamail for (1) breach of contract, (2) breach of express warranty, (3) breach of the "implied warranty of good and workmanlike conduct," (4) negligence, and (5) negligent misrepresentation.

The arbitration panel issued a "reasoned award," in which it explained the reasons for its rulings.  According to the award, Casa del Mar complained of "staining on the Hardi-Plank exterior of the building," and all parties agreed that this staining "is being caused by minerals contained in water that is leaking from the balconies behind the Hardi-Plank wall exterior and then between the horizontal planks onto the surface  . . . thereby causing efflorescent stains."  In the award, the panel also stated as follows:

> Casa sought and obtained opinions from at least three 'experts' as to what was causing the staining, an appropriate repair methodology, and the cost to implement a repair protocol.  As a part of this investigation destructive testing was performed on 3 balconies out of the 234.  Expert reports along with photographs and exhibits were issued. Mainly based on Expert reports, Casa contends that the

2

following conditions found by the experts are construction defects and therefore breaches of the contract:

1. "Fishmouths" in the waterproofing membrane

2. "Reverse laps" in the waterproofing membrane

3. Lack of sealant at door thresholds

4. One ply of waterproofing as opposed to two

Even assuming that each of the four items were found on a[t] least one occasion during the destructive testing, the Panel finds that none of the conditions were shown as causing or contributing to the staining of the walls. Further the Panel finds that these conditions may well evidence a failure to perform the work in a good and workmanlike manner; however, taken all together they do not arise to a "material breach of contract" as that term is used under Texas construction law (which would therefore not afford Casa a monetary remedy).

After explaining why the panel concluded that Casa del Mar could not recover the $1,395,216 in damages sought, the panel explained the reasons why it was awarding $24,490.20 to Casa del Mar:

After consideration of all the credible evidence and the legal doctrines of betterment and economic waste, the Panel is of the opinion that the proper "fix" should be to clean the outside of the wall and to apply an elastrometric paint. The best estimate of the cost to perform this work is an estimate [that] includes a total amount of $81,634 for painting.

Unfortunately for this Panel the allocation of responsibility between the designer/Owner and the contractor is a major issue. Both testifying experts stated that the cause of the stains were both construction and design problems. Complicating the matter further is the fact that the balconies were constructed based on a mock up that was approved by the Owner's representative. The Panel believes that the main sources of water leaving the balconies is thru areas in which there are no end dams and thru the outside galvanized metal frame that evidently was not caulked.

The Panel ascribes 30% of the damage amount to Jamail for failure to caulk the seams in the outside metal frame and 70% to the

Owner who agreed to construction per the mock up and presumably received a price reduction.

The panel awarded Casa del Mar $24,490.20, thirty percent of $81,634, and concluded that each party should bear its own attorney's fees and costs. The panel also stated that all claims sounding in tort were denied based on the economic loss rule. Casa del Mar filed a "motion to correct" in the arbitration proceeding, arguing that the panel erred because (1) the panel awarded Casa del Mar a recovery on the breach-of-contract claim, but did not award Casa del Mar any attorney's fees or costs under Chapter 38 of the Texas Civil Practice and Remedies Code; and (2) the panel applied percentages of responsibility under Chapter 33 of the Texas Civil Practice and Remedies Code to Casa del Mar's breach-of-contract claim (hereinafter collectively "Alleged Legal Errors"). Casa del Mar asserted that it should recover its attorney's fees, costs, and all of the $81,634. The arbitration panel denied Casa del Mar's motion.

Casa del Mar filed a motion to vacate the arbitration award in Galveston County District Court. The district court signed an agreed order transferring venue to Harris County, and the case was transferred to the trial court below. Jamail filed a response in opposition to the motion to vacate, and moved to confirm the award. The trial court granted the motion to confirm and denied the motion to vacate. Casa del Mar now challenges those rulings.

## II.    ISSUES AND ANALYSIS

### A.    Did the trial court err in denying Casa del Mar's motion to vacate and granting the motion to confirm?

In its first issue, Casa del Mar asserts that the trial court erred in denying Casa del Mar's motion to vacate and granting Jamail's motion to confirm. Casa

del Mar argues that the arbitration Panel's Alleged Legal Errors constitute gross mistake and manifest disregard of the law and that the trial court erred in not vacating the award on these grounds.

Jamail asserts a number of reasons why it contends we should affirm the trial court's order. For the purposes of this appeal we presume, without deciding, as follows: (1) the motion to vacate was timely and notice of the motion was served on Jamail or its attorney within three months after the award was filed or delivered; (2) Casa del Mar has challenged on appeal every independent basis on which the trial court could have denied the motion to vacate; (3) the Federal Arbitration Act ("Federal Act") does not preempt the Texas Arbitration Act ("Texas Act") and Texas common law as to the possible grounds for vacating the award; and (4) the Texas Arbitration Act does not preempt all common law grounds for vacating the award.

If Casa del Mar sought to vacate the award under the Federal Act, then the trial court did not err in denying the motion to vacate because neither gross mistake nor manifest disregard of the law is listed in the Federal Act as a basis for vacating an arbitration award, and the grounds stated in that statute are the exclusive grounds for vacating arbitration awards under the Federal Act. *See* 9 U.S.C. § 10 (listing the grounds for vacating an arbitration award under the Federal Act without mentioning gross mistake or manifest disregard of the law); *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U. S. 576, 578, 128 S. Ct. 1396, 1400, 170 L.E.2d 254 (2008) (holding that grounds stated in the Federal Act for vacating an arbitration award are exclusive); *LeFoumba v. Legend Classic Homes, Ltd.*, No. 14-08-00243-CV, 2009 WL 3109875, at *2 (Tex. App.—Houston [14th Dist.] Sept. 17, 2009, no pet.) (rejecting appellant's argument for vacating arbitration award under the

Federal Act because the argument was not one of the grounds listed in the Federal Act) (mem. op.); *IQ Holdings, Inc. v. Villa D'Este Condominium Owner's Assoc., Inc.*, No. 01-11-00914-CV, —S.W.3d —, —, 2014 WL 982844, at *7 (Tex. App.—Houston [1st Dist.] Mar. 13, 2014, no pet. h.) (holding that manifest disregard of the law is not a ground for vacating an arbitration award under the Federal Act); *Anchor Holdings, LLC v. Peterson, Goldman, & Villani*, 294 S.W.3d 818, 829 (Tex. App.—Dallas 2009, no pet.) (holding that gross mistake and manifest disregard of the law are not grounds for vacating an arbitration award under the Federal Act).

In the Texas Act, the Texas Legislature has provided that "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award." Tex. Civ. Prac. & Rem. Code Ann § 171.087 (West, Westlaw through 2013 3d C.S.). Neither gross mistake nor manifest disregard of the law is a statutory ground under the Texas Act for vacating, modifying, or correcting an award under Section 171.088 or 171.091. *See* Tex. Civ. Prac. & Rem. Code Ann §§ 171.088, 171.091 (West, Westlaw through 2013 3d C.S.). In these grounds, Casa del Mar does not assert constitutional violations, nor does it claim that the award clearly violates carefully articulated, fundamental public policy. *See CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 239 (Tex. 2002) (stating that arbitration award may be set aside on public policy grounds in the extraordinary situation in which the award clearly violates carefully articulated, fundamental policy); *Action Box Co. v. Panel Prints, Inc.*, 130 S.W.3d 249, 252–53 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (rejecting public policy argument for vacating arbitration award because the argument did not meet the standard set by the high court in the *CVN Group* case); *Kline v. O'Quinn*, 874 S.W.2d 776, 783–84, 790–91 (Tex. App.—Houston [14th

6

Dist.] 1994, writ denied) (addressing argument that arbitration award violated United States and Texas constitutions).

Presuming, without deciding, that common-law grounds for vacating an arbitration award still may be used to vacate an award under the Texas Act, these common-law grounds would be that the award is tainted with fraud, misconduct, or such gross mistake as would imply bad faith and failure to exercise honest judgment.[1]  *See Ewing v. ACT Catastrophe-Texas, L.C.*, 375 S.W.3d 545, 552 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Carpenter v. North River Ins. Co.*, 436 S.W.2d 549, 551 (Tex. Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).  These grounds would not include manifest disregard of the law.  *See Ewing*, 375 S.W.3d at 552; *Action Box Co.*, 130 S.W.3d at 252 (holding that manifest disregard of the law is not a ground for vacating an arbitration award for arbitrations covered by the Texas Act).  Thus, to the extent Casa del Mar sought to vacate the award under the Texas Act, the trial court did not err in denying the motion to vacate on this ground. *See Ewing*, 375 S.W.3d at 552; *Action Box Co.*, 130 S.W.3d at 252.

We next consider whether Casa del Mar showed that the award should be vacated for gross mistake.  An arbitration award is conclusive on the parties as to all matters of fact and law submitted to the arbitration panel.  *CVN Group, Inc.*, 95 S.W.3d at 238.  All reasonable presumptions are indulged in favor of the award, and none against it.  *Id*.  A mere mistake of fact or law alone is insufficient to set aside an arbitration award based on gross mistake.  *See Riha v. Smulcer*, 843 S.W.2d

_____

[1] The parties' arbitration agreement does not fall within any of the exclusions from the scope of the Texas Act.  *See* Tex. Civ. Prac. & Rem. Code Ann § 171.002 (West, Westlaw through 2013 3d C.S.).  This case does not involve an arbitration under the common law.  *See id*.

289, 292 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Instead, a party seeking to vacate an arbitration award based on the common-law ground of gross mistake bears the burden of showing that the award is tainted with such gross mistake as would imply bad faith and failure to exercise honest judgment. *See Carpenter*, 436 S.W.2d at 551.

The only evidence that Casa del Mar submitted in support of its motion to vacate is a copy of the award itself and a pre-hearing brief it filed in the arbitration proceeding.[2] Casa del Mar argues that the arbitration panel's Alleged Legal Errors constitute gross mistake and that the trial court erred in not vacating the award on this basis. Specifically, Casa del Mar asserts that the arbitration panel failed to follow well-established law by failing to award Casa del Mar attorney's fees, even though the panel awarded Casa del Mar actual damages on its breach-of-contract claim, and by applying Chapter 33 of the Texas Civil Practice and Remedies Code to the breach-of-contract claim. Casa del Mar asserts that under Texas law the arbitration panel was required to award Casa del Mar attorney's fees and costs and to award Casa del Mar $81,634 in contract damages, without any deduction based on Casa del Mar's percentage of responsibility. Casa del Mar argues that the panel failed to do so despite Casa del Mar's pre-hearing and post-hearing briefing and its motion to correct, in which it presented the applicable law to the panel. Jamail responds that the award does not refer to Chapter 33 of the Texas Civil Practice and Remedies Code and argues that the panel did not base its award on the breach-of-contract claim or the breach-of-warranty claim but rather on equitable principles.

---

[2] We presume for the sake of argument that these exhibits were before the trial court when it denied the motion to vacate, even though these documents were not in the trial court's file, for the reasons discussed in the next section of this opinion.

"The fact that the relief granted by the arbitrators could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award." Tex. Civ. Prac. & Rem. Code Ann § 171.090 (West, Westlaw through 2013 3d C.S.); *Leslie v. Hill*, No. 14-13-00600-CV, 2014 WL 5309660, at *3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2014, no pet.) (mem. op.). The eleven-page arbitration award shows that the arbitration panel gave serious consideration to the parties' contentions, evidence, and arguments. We do not have a complete record of the arbitration proceedings, and nothing in the record we do have—the award and the other exhibit attached to Casa del Mar's motion to vacate—suggests the panel made its decision in bad faith or that it failed to exercise honest judgment. Even presuming that the arbitration panel committed legal errors, Casa del Mar did not meet the burden of showing that the award is tainted with such gross mistake as would imply bad faith and failure to exercise honest judgment. *See Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002) (presuming for sake of argument that common-law grounds could be used to vacate award under Texas Act and holding that failure to award damages is not sufficient to constitute such a gross mistake as would imply bad faith or failure to exercise honest judgment); *Black v. Shor*, 443 S.W.3d 154, 168–69 (Tex. App.—Corpus Christi 2013, pet. denied) (holding moving party failed to meet its burden of showing gross mistake); *Carpenter*, 436 S.W.2d at 551 (same as *Black*). Therefore, even if gross mistake is a potential ground to vacate the award, the trial court did not err in denying Casa del Mar's motion to vacate on this ground. *See Callahan & Assocs.*, 92 S.W.3d at 844; *Black*, 443 S.W.3d at 168–69; *Carpenter*, 436 S.W.2d at 551.

Concluding that the arguments under Casa del Mar's first issue lack merit, we overrule that issue.

9

**B.    Should this case be remanded or abated so that the trial court may review the exhibits to the motion to vacate?**

In its second issue, Casa del Mar asserts this court should remand or abate the case to allow the trial court to consider the two exhibits that were attached to the motion to vacate when the motion was filed in Galveston but which were not in the trial court's file until after the trial court denied the motion. The record reflects that Casa del Mar filed two exhibits attached to its motion to vacate in the Galveston court. When the file was transferred to the trial court under the venue-transfer order, the district clerk's office scanned these two exhibits along with the other documents in the file, but because the scanned copies were illegible, the district clerk's office deleted them. The two exhibits were not re-scanned before the trial court denied the motion to vacate. Therefore, when the trial court ruled on the motion, its file did not contain the two exhibits, though the file contained the body of the motion.

Neither party has cited any authority as to the proper course of action in these circumstances. We note that in the body of the motion Casa del Mar made known to the trial court the arguments Casa del Mar was making in support of the motion to vacate and indicated to the trial court that the exhibits were the arbitration award and a pre-hearing brief Casa del Mar filed in the arbitration proceeding.[3] In the motion, Casa del Mar quoted the arbitration award at length and described it in detail. As discussed in the previous section, even if the two exhibits were in the trial court's file and were considered by the trial court in ruling on the motion, Casa del Mar still failed to show a valid ground for vacating the

_____

[3] These exhibits subsequently were made a part of the trial court's record and our appellate record.

10

arbitration award. Therefore, on this record, we conclude there is no basis for abating this appeal or remanding the case so that the trial court may consider the exhibits. Accordingly, we overrule Casa del Mar's second issue.

Having overruled both of the appellate issues, we affirm the trial court's order.

/s/    Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby.